**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JARELL MARCUS JOHNSON,

    Defendant.
_____/

Criminal Case No. 12-20419

Honorable Nancy G. Edmunds

**ORDER DENYING DEFENDANT'S EMERGENCY
MOTION FOR COMPASSIONATE RELEASE [102]**

Pending before the Court is Defendant's *pro se* Motion for Compassionate Release. (ECF No. 102.) Defendant requests that pursuant to the First Step Act of 2018 and 18 U.S.C. § 3582(c)(1)(A) the Court resentence him to a sentence of imprisonment of time served, or alternatively, convert the remainder of his sentence to a term of supervised release. Defendant contends his health condition constitutes extraordinary and compelling circumstances justifying this relief in the wake of the COVID-19 pandemic. The government opposes the requested relief and has filed a response. (ECF No. 105.) Defendant also filed a reply brief in support of his motion.[1] (ECF No. 108.). The Court has reviewed the record in its entirety and finds that a hearing on this matter is not necessary. For the reasons set forth below, the Court **DENIES** Defendant's motion.

**I.    BACKGROUND**

On December 10, 2013, Defendant pled guilty to one count of possession with intent to distribute heroin in violation of 21 U.S.C. § 841(a) and one count of possession

---

[1] Defendant filed a motion requesting permission to file a reply brief. (*See* ECF No. 107.) That motion is hereby **GRANTED**.

1

of a firearm in furtherance of a drug trafficking offense in violation 18 U.S.C. § 924(c). The criminal charge arose from the execution of a search warrant at Defendant's apartment where officers recovered, among other items, two pistols and 97.86 grams of heroin. Defendant was detained pending trial. (*See* ECF No. 5.)

On May 12, 2014, the Court sentenced Defendant to be imprisoned for a term of 165 months. The sentence was at the top of Defendant's guideline range. Defendant's sentence was later reduced to 147 months. Defendant is currently confined at FCI Fort Dix. His projected release date is November 7, 2022.

Defendant is 30 years old. He suffers from type 1 diabetes and high cholesterol. He claims to also suffer from a seizure disorder, but the Government contends he has refused medication for this disorder. And while his medical records describe him as having a high Body Mass Index, he is not characterized as obese.

On April 5, 2020, Defendant submitted a request to the warden at Fort Dix FCI for compassionate release due to his health issues and the COVID-19 pandemic. According to the Government, on April 27, 2020, that request was denied. The Government confirms that Defendant has satisfied the exhaustion requirements of § 3582(c)(1)(A).

Defendant now moves for compassionate release in this Court. The motion has been fully briefed and is ripe for consideration.

**II.   ANALYSIS**

As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A) authorizes courts to modify terms of imprisonment as follows (emphasis added):

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of

> Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>> (i) extraordinary and compelling reasons warrant such a reduction ... and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Thus in order to obtain relief under 18 U.S.C. § 3582(c)(1)(A)(i), a defendant must satisfy the exhaustion requirement and demonstrate that "extraordinary and compelling reasons" warrant a reduction of his sentence or compassionate release. In addition to this showing, the Court must also consider the sentencing factors described in 18 U.S.C. § 3553(a) and determine whether a sentence reduction would be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

In his motion, Defendant states that his health condition, specifically his Type 1 diabetes and high cholesterol, in the wake of the COVID-19 pandemic, constitute an extraordinary and compelling circumstance warranting compassionate release under § 3582(c). In response, the Government argues that Defendant has failed to establish extraordinary and compelling circumstances warranting his release. The Government also contends that even if Defendant demonstrated extraordinary and compelling reasons justifying his release, the motion should be denied because Defendant poses a danger to the community and consideration of the § 3553(a) factors require denying the motion. Having considered the record in this matter in its entirety, the Court agrees with the Government under the facts and circumstances presented here.

The United States Sentencing Commission has defined "extraordinary and compelling reasons." *See* U.S.S.G. § 1B1.13, comment n.1. There are extraordinary and compelling reasons for modification where "[t]he defendant is ... suffering from a serious physical or medical condition ... that substantially diminishes the ability to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 comment n.1(A)(ii).

In this case, Defendant fails to establish extraordinary and compelling reasons warranting a modification of his sentence or his release from custody. Defendant does not establish that he suffers from a serious physical or medical condition that would constitute an extraordinary and compelling reason for a modification of his sentence. The potential threat imposed by the COVID-19 pandemic does not change this analysis. Defendant's risk of exposure to COVID-19 is the same as any other inmate and the concerns he raises, while valid, are equally applicable to almost every other inmate in federal custody. And although Defendant suffers from Type 1 diabetes, he does not demonstrate that he is within the category of individuals who face a potentially heightened risk of severe illness or death if or when they come into contact with the virus that has been found to amount to extraordinary and compelling circumstances in other cases. *See United States v. Pomante*, No. 19-20316, 2020 WL 2513095, at *6 (E.D. Mich. May 15, 2020).

Moreover, Defendant is not entitled to compassionate release because he fails to establish that he is not a danger to the community under 18 U.S.C. § 3142(g). In order to be entitled to compassionate release, a defendant must "not be a danger to the safety of any other person or to the community" under 18 U.S.C. § 3142(g). *See* U.S.S.G. §

1B1.13. 18 U.S.C. § 3142(g) outlines factors to be considered when determining whether a defendant presents a danger to the safety of any other person and the community:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>
>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. In considering the conditions of release described in subsection (c)(1)(B)(xi) or (c)(1)(B)(xii) of this section, the judicial officer may upon his own motion, or shall upon the motion of the Government, conduct an inquiry into the source of the property to be designated for potential forfeiture or offered as collateral to secure a bond, and shall decline to accept the designation, or the use as collateral, of property that, because of its source, will not reasonably assure the appearance of the person as required.

18 U.S.C. § 3142(g). The Government argues that, applying these factors, Defendant is a danger to the community. The Court agrees. The Court previously found that these factors warranted Defendant's detention pending trial. (*See* ECF No. 5.) Defendant was convicted of serious drug distribution charges and for use of firearm in connection with his drug-related crimes. And as Defendant has previously acknowledged, he has an extensive criminal history. The Court commends Defendant on his efforts to improve

5

himself while incarcerated and encourages him to continue on this path. But based on the Court's intimate knowledge of this case and Defendant's history and characteristics, the Court finds that Defendant fails to establish that he is not a danger to the community.

Finally, the Court finds that consideration of the factors set forth in § 3553(a) weighs against granting the requested relief. The nature and circumstances of Defendant's offenses are serious, and that one factor weighs against granting compassionate release. *See* § 3553(a)(1). The Court also finds that releasing Defendant to home confinement at this point and under these circumstances would not be consistent with the other § 3553(a) factors. The Court finds that the statutory goal of imposing punishment would not be satisfied by releasing Defendant to home confinement at this point. And as discussed, there is no evidence that Defendant no longer poses a continued danger to the community. Thus granting the requested relief would be inconsistent with and not supported by the § 3553(a) factors.

### III. CONCLUSION

Accordingly, for the above stated reasons, **IT IS HEREBY ORDERED** that Defendant's Emergency Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A) is **DENIED**.

**SO ORDERED.**

        <u>s/Nancy G. Edmunds</u>
        Nancy G. Edmunds
        United States District Judge

Dated: September 17, 2020

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 17, 2020, by electronic and/or ordinary mail.

        s/Lisa Bartlett
        Case Manager